COURT OF APPEALS
DECISION
DATED AND FILED

August 17, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP590-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF3553

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GREGORY L. ROLLINS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: FREDERICK C. ROSA and MICHELLE ACKERMAN HAVAS, Judges. *Affirmed.*

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Gregory L. Rollins appeals a judgment of conviction and an order denying his postconviction motion.[1]  On appeal, Rollins argues that his two convictions for first-degree recklessly endangering safety are multiplicitous because he only committed one reckless act—he fired a single bullet in the direction of two people.  We disagree, and affirm.  First, we conclude that the two convictions are not multiplicitous because Rollins' conduct endangered two different people.  Second, we conclude that Rollins has failed to rebut the presumption that the legislature intended to allow multiple punishments.

## BACKGROUND

¶2     It is undisputed that on August 4, 2015, while running from police, Rollins fired a single bullet in the direction of an officer, R.D., and a prosecutor, Z.W., who was sitting in a squad car.

¶3     Rollins was charged with attempted first-degree intentional homicide while armed relating to R.D., first-degree recklessly endangering safety while armed relating to Z.W., and felon in possession of a firearm.  An amended information added possession with intent to deliver cocaine while armed as a second and subsequent offense and as a repeater.

¶4     Rollins entered a plea to the felon in possession of a firearm charge, and went to trial on the other counts.  The jury acquitted Rollins of attempted first-degree intentional homicide of R.D. while armed, but found him guilty of a lesser-included offense of first-degree recklessly endangering safety while armed.  The

_____

[1] The Honorable Frederick C. Rosa presided over the jury trial and sentenced Rollins. The Honorable Michelle Ackerman Havas denied the postconviction motion.  We refer to Judge Rosa as the trial court and Judge Havas as the postconviction court.

2

jury also found Rollins guilty of first-degree recklessly endangering safety while armed relating to Z.W.[2] Rollins was acquitted of possession with intent to deliver cocaine.

¶5    The trial court imposed a global sentence of fifteen years of initial confinement followed by ten years of extended supervision. Because Rollins had only fired one shot, the trial court ran the sentences on the two recklessly endangering safety counts concurrent to each other.

¶6    Rollins filed a postconviction motion alleging that his two convictions for first-degree recklessly endangering safety were multiplicitous because he only "fired one bullet from his gun" and the legislature did not intend multiple punishments "when a defendant committed only one reckless act." Rollins also argued that trial counsel was ineffective for failing to raise a multiplicity objection.[3]

¶7    After additional briefing, a hearing was held. The postconviction court addressed the motion on the merits and found that the two convictions for first-degree recklessly endangering safety were not multiplicitous because Rollins' conduct endangered two separate people, R.D. and Z.W. Thus, the court

---

[2] At trial, the jury was instructed that the attempted first-degree intentional homicide count and the lesser-included offense of first-degree recklessly endangering safety count related to R.D., and the other first-degree recklessly endangering safety count related to Z.W. In addition, in closing argument, both the State and the defense distinguished the counts between R.D. and Z.W.

[3] Rollins' postconviction motion also alleged that trial counsel was ineffective for failing to "present witnesses who would have supported his defense" and failing to request "an instruction on the lesser-included offense of second-degree recklessly endangering safety on both counts he was convicted of." Rollins withdrew these arguments in the circuit court and does not pursue them on appeal.

concluded trial counsel was not ineffective for failing to raise a multiplicity challenge.

## DISCUSSION

¶8      On appeal, Rollins renews his argument that his two convictions for first-degree recklessly endangering safety were multiplicitous.   As discussed below, we reject Rollins' argument.[4]

¶9      "Multiplicity arises where the defendant is charged in more than one count for a single offense."  *State v. Rabe*, 96 Wis. 2d 48, 61, 291 N.W.2d 809 (1980).   "[M]ultiplicitous charges are impermissible because they violate the double jeopardy provisions of the state and federal constitutions."  *Id.*   Whether two charges are multiplicitous is a question of law subject to *de novo* review. *State v. Brantner*, 2020 WI 21, ¶8, 390 Wis. 2d 494, 939 N.W.2d 546.

¶10      When reviewing a multiplicity claim, a two-step methodology is used.  *State v. Davison*, 2003 WI 89, ¶¶42-45, 263 Wis. 2d 145, 666 N.W.2d 1. First, we examine whether the offenses are identical in law and fact.  *Id.*, ¶43. Next, we examine whether the legislature intended to allow multiple punishments. *Id.*, ¶45.  Below, we address each step in turn.

---

[4] The State argues that Rollins' multiplicity claim was forfeited and should be analyzed as an ineffective assistance of counsel claim.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Because we conclude that Rollins' claim fails on the merits, any ineffective assistance of counsel claim would also fail.  *State v. Berggren*, 2009 WI App 82, ¶21, 320 Wis. 2d 209, 769 N.W.2d 110 (holding that counsel cannot be ineffective for failing to pursue a meritless motion).

4

### I.     *Whether the offenses are identical in law and fact*

¶11     In this case, the State concedes, and we agree, that the two recklessly endangering safety convictions are identical in law.  The parties disagree, however, on whether the convictions are different in fact.

¶12     Rollins argues that the convictions are identical in fact because he only "fired … one bullet from his gun, which traveled in the direction of Officer R.D. and Z.W."  Thus, his "conduct consisted of only one reckless act[.]"

¶13     The State responds that the convictions are different in fact because "the jury had to separately determine whether Rollins' conduct endangered R.D. and endangered Z.W."

¶14     We agree with the State.  "[W]here the crime is against persons rather than property, there are, as a general rule, as many offenses as individuals affected."  *See **Rabe***, 96 Wis. 2d at 66-68 (upholding four counts of homicide by intoxicated use of a vehicle when a single negligent act caused the death of four people); ***State v. Pal***, 2017 WI 44, ¶¶3-4, 20, 374 Wis. 2d 759, 893 N.W.2d 848 (upholding two hit and run convictions when there was a single act and two victims).

¶15     Although Rollins only fired one shot, it is undisputed that the bullet traveled in the direction of two people, R.D. and Z.W.  Accordingly, convicting Rollins of two separate counts of recklessly endangering safety does not violate double jeopardy because Rollins' conduct endangered two different individuals.  Each conviction required proof of an "additional fact"—proof that Rollins endangered a specific person.  *See **Rabe***, 96 Wis. 2d at 66.

¶16     Rollins acknowledges the general rule that there are "as many offenses … as there are victims," but argues that recklessly endangering safety offenses are "inherently different."  According to Rollins, recklessly endangering safety offenses "do not require proof of a *particular* victim."

¶17     Rollins' argument, however, is contradicted by the plain language of the recklessly endangering safety statute, WIS. STAT. § 941.30(1) (2019-20).[5] Section 941.30(1) provides that "[w]hoever recklessly endangers *another's safety* under circumstances which show utter disregard for human life is guilty of a Class F felony" (emphasis added).  The use of "another's safety" requires the State to prove a specific person has been endangered.  It would not be sufficient for the State to simply prove that the defendant acted recklessly.

¶18     Moreover, because WIS. STAT. § 941.30(1) includes the term "recklessly," "criminal recklessness" is an element of the crime.  *See* WIS. STAT. § 939.24(2); WIS JI—CRIMINAL 1345.  "Criminal recklessness" means that "the actor creates an unreasonable and substantial risk of death or great bodily harm to *another human being* and the actor is aware of that risk[.]"  Sec. 939.24(1) (emphasis added).  The use of "another human being" further supports that a defendant's conduct must endanger a specific person.

¶19     In addition, to support his argument, Rollins points to ***State v. Lechner***, 217 Wis. 2d 392, 576 N.W.2d 912 (1998).  In ***Lechner***, the defendant argued that two counts of second-degree recklessly endangering safety were multiplicitous.  ***Id.*** at 413.  The court rejected this argument because the defendant

---

[5] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

had committed "at least two separate and distinct criminal acts[.]" *Id.* at 416. The court observed that "[o]n at least two separate occasions, the defendant drove his vehicle across the double yellow centerline of the highway, accelerated, and passed a different vehicle" and "[o]n at least two separate occasions, the defendant abruptly reentered the … traffic lane, forcing the driver of the vehicle he had just passed to take evasive action to avoid a collision." *Id.* at 415. The court further stated that:

> It is significant that the defendant here did more than pass at one time a continuous line of cars, putting each successive driver at risk as he passed him or her…. Each time he pulled his vehicle out and passed a different vehicle, the defendant commenced a separate, conscious decision to act. Each time the defendant exited and reentered the traffic lane, he completed a separate, distinct act of criminally reckless conduct.

*Id.* at 416.

¶20 Based on *Lechner*'s language that "[i]t is significant that the defendant here did more than pass at one time a continuous line of cars," *see id.*, Rollins argues that the number of recklessly endangering safety counts that can be charged is limited to the number of acts committed, not the number of victims affected. We disagree.

¶21 As the State observes, *Lechner* involved a situation where the defendant committed multiple distinct acts. *Lechner* did not address a situation where a single reckless act endangered multiple victims. Moreover, when examining legislative intent, the court repeated the general rule that "where different victims are involved, the legislature intends to allow a corresponding number of punishable crimes." *Id.* at 417 (citing *Rabe*, 96 Wis. 2d at 67-68; *Austin v. State*, 86 Wis. 2d 213, 223, 271 N.W.2d 668 (1978)). The court did not

indicate disproval of this rule or state that it was overruling it. Accordingly, *Lechner* does not prohibit multiple convictions when a single act endangers multiple victims.

¶22 Therefore, in sum, because each conviction here related to a different victim, the convictions are not identical in fact.

## II. Legislative intent

¶23 Because we conclude that the offenses are not identical in fact, we presume that the legislature intended to permit cumulative punishments and it is the defendant's burden to prove otherwise. *See State v. Ziegler*, 2012 WI 73, ¶74, 342 Wis. 2d 256, 816 N.W.2d 238.

¶24 To determine legislative intent, we look at four factors: "(1) all applicable statutory language; (2) the legislative history and context of the statute; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishment[s] for the conduct." *Davison*, 263 Wis. 2d 145, ¶50.

¶25 Rollins argues that the placement of the recklessly endangering safety statute in WIS. STAT. ch. 941, which concerns "crimes against public health and safety," demonstrates the legislature's intent to punish a defendant for an act that "puts a person in the public at risk as opposed to punishing a defendant for each particular person his singular reckless act puts at risk."

¶26 We disagree. First, as discussed above, WIS. STAT. §§ 941.30(1) and 939.24 provide that the State must prove that the defendant endangered "another's safety" and the defendant created an unreasonable and substantial risk of death or great bodily harm to "another human being." The statutes do not state

that the defendant endangered "the public" or that the defendant created a risk to "the public."

¶27 Second, "[t]he legislature is presumed to act with full knowledge of existing case law when it enacts a statute." *Strenke v. Hogner*, 2005 WI 25, ¶28, 279 Wis. 2d 52, 694 N.W.2d 296. As the State observes, and Rollins does not dispute, when the legislature revised WIS. STAT. §§ 941.30 and 939.24, it was presumably aware of the preexisting case law authorizing a separate penalty for each victim. *See* 1987 Wis. Act 399; *Rabe*, 96 Wis. 2d 48 (decided in 1980). If the legislature intended to prohibit the imposition of a separate punishment for each victim endangered, it would have included language saying so.

¶28 Finally, "the nature of the proscribed conduct" and "the appropriateness of multiple punishments" factors do not support Rollins' argument. *Davison*, 263 Wis. 2d 145, ¶50. We do not see anything inappropriate about convicting and punishing a defendant for each person endangered. *See Pal*, 374 Wis. 2d 759, ¶27. Under Rollins' view of the recklessly endangering safety statute, a defendant who endangered multiple people would be exposed to the same punishment as a defendant who endangered one person. Such a result would undermine the objectives of punishment and deterrence. *See Davison*, 263 Wis. 2d 145, ¶104. Therefore, we are not persuaded that when a single act endangers multiple people that the legislature intended to limit the punishment to one conviction.

¶29 In sum, for the reasons stated above, we conclude that Rollins' two convictions for first-degree recklessly endangering safety are not multiplicitous and that Rollins has failed to rebut the presumption that the legislature intended to allow multiple punishments.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.